**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MICHAEL ALVAREZ,<br><br>Defendant - Appellant. | No. 07-10296<br><br>D.C. No. CR-03-05014-AWI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted March 8, 2010
San Francisco, California

Before: WALLACE, GRABER, and McKEOWN, Circuit Judges.

Alvarez appeals from the district court's denial of his motions to suppress

the evidence seized during a search of his person and a search of his vehicle. We

review de novo the district court's denial of a motion to suppress evidence, but the

factual findings underlying the denial of such a motion are reviewed for clear error.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

*United States v. Gust,* 405 F.3d 797, 799 (9th Cir. 2005). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

When police officers make a lawful arrest, a search of the person is reasonable under the Fourth Amendment. *United States v. Ruckes*, 586 F.3d 713, 717 (9th Cir. 2009). Alvarez argues his arrest was unlawful, and that, therefore, any search incident to that arrest was also unlawful. It is true that California law prohibits arresting someone solely for being an unlicensed driver. *Bingham v. City of Manhattan Beach*, 341 F.3d 939, 949 (9th Cir. 2003) (citing Cal. Veh. Code § 12801.5(e)). Here, however, Alvarez was arrested not for merely driving without a valid license, but for doing so *while on parole for a previous offense*. The district court was correct that it was reasonable for a police officer to conclude that a condition of parole is to obey all laws, and therefore that Alvarez had violated the terms of his parole. Thus, Alvarez's arrest was lawful, and the search of his person incident to that arrest was also lawful.

As to the search of Alvarez's vehicle, the district court held that that search was also incident to his lawful arrest. After the district court's decision, however, the Supreme Court ruled in *Arizona v. Gant*, 129 S. Ct. 1710, 1723 (2009), that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the

2

search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." The United States conceded, both in its briefs and at oral argument in this case, that the search of Alvarez's car is not valid under the rule set forth in *Gant*. At the time of the search, Alvarez was in the back of a patrol car, and it is doubtful that the officers had a reasonable belief that the car might contain evidence of the offense of driving without a license in violation of parole. We hold that the search of Alvarez's car was an invalid search incident to arrest.

The district court, however, held in the alternative that Alvarez voluntarily consented to the search of his vehicle, and that, therefore, the evidence found during that search was admissible. "An individual may waive his Fourth Amendment rights by giving voluntary and intelligent consent to a warrantless search of his person, property, or premises." *United States v. Cormier*, 220 F.3d 1103, 1112 (9th Cir. 2000) (internal quotation marks omitted). Whether consent is valid is a question of fact that depends on the totality of circumstances, and a district court's finding of voluntary consent is reviewed for clear error. *Id.* The district court found that there were only two officers present at the time, that no guns had been drawn, and that Alvarez "had initially approached the officers voluntarily" and "had already volunteered information." There was conflicting evidence as to whether guns had been drawn and about the number of officers on

3

the scene at the time of consent, but the district court apparently credited the two officers' testimony on those points. The district court also found there was no evidence of other coercion, or evidence that Alvarez's consent had been hesitant, particularly given that Alvarez, as a parolee, likely had prior experience with law enforcement, and was perhaps more aware of his rights and less vulnerable to intimidation by the officers asking to search his vehicle. *See id.* at 1113.

"[E]vidence regarding the question of consent must be viewed in the light most favorable to the fact-finder's decision." *United States v. Brown*, 563 F.3d 410, 414 (9th Cir. 2009) (internal quotation marks omitted). Given all of the above, we hold that the district court's finding that Alvarez voluntarily consented to the search of his vehicle was not "clear error."

**AFFIRMED.**